JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
(808) 377-6778
justinbrackettlaw@gmail.com

SCOTT C. BORISON (*Admitted Pro Hac Vice*)
Legg Law Firm, LLP
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Telephone:  (301) 620-1016
Email:  borison@legglaw.com

*Attorneys for Plaintiff*
Ronald Viernes

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>on behalf of himself and the Class,<br><br>                    Plaintiff,<br><br>vs.<br><br>VELOCITY INVESTMENTS, LLC,<br><br>                    Defendant. | Case No:  1:19-cv-00317 KJM<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF A SETTLEMENT CLASS, TO AWARD AN INCENTIVE FEE, ATTORNEY FEES AND ADMINSTRATION COSTS, AND TO DESIGNATE *CY PRES* RECIPIENT; EXHIBITS A & B; DECLARATION OF CLASS ADMINSTRATOR; PROPOSED ORDER; AND CERTIFICATE OF SERVICE**<br><br>Judge:   Jill A. Otake<br>Magistrate Judge:  Kenneth J. Mansfield |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF A SETTLEMENT CLASS, TO AWARD AN INCENTIVE FEE,
ATTORNEY FEES AND ADMINSTRATION COSTS, AND
<u>TO DESIGNATE *CY PRES* RECIPIENT</u>**

The Court is familiar with the claims asserted by Plaintiff relating to Defendant engaging in consumer collections in this State without a required license. After extensive and protracted negotiation efforts the parties finally reached a Settlement Agreement. (ECF 51-1). Plaintiff previously moved for preliminary approval of settlement class pursuant to the Settlement Agreement. (the "Motion")(ECF 51) Plaintiff incorporates the Motion by reference. On December 10, 2020, the Court held a hearing on the motion for preliminary approval. (ECF 56). The Court granted the motion and directed notice to the approximate 550 class members. (ECF 57).

Pursuant to the Court's order granting preliminary approval, the class administrator sent out notice to the class members on January 8, 2021. See Declaration of Class Administrator. Exhibit A, ¶ 4. The administrator has advised that it believes that 98.19% of the Class received the mailed notice. Exhibit A at ¶ 6. One person has sent in an opt out, and there have been no objections filed. Exhibit A at ¶ 7 and Exhibit B to the Declaration.

Plaintiff now seeks this Court to grant final approval to the Settlement Class; award an incentive fee, attorney fees and the administration costs; and designate a

*cy pres* recipient if there are any unclaimed funds. Only one potential Settlement Class Member opted out of the settlement, while none objected to any aspect of it. Given the adequacy, fairness and reasonableness of the settlement, and considering the favorable reaction from Settlement Class Members, Plaintiff respectfully requests that this Court finally approve the settlement and enter a final judgment and order in the form agreed to by the Parties.

## I. THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23(a)(1) And 23(b)(3).

As set forth in the Motion, the class meets the four prerequisites of Rule 23(a) commonly referred to as numerosity, commonality, typicality and adequacy. The Plaintiff will not repeat what has already been presented in the Motion. Nothing has changed since the Motion was filed.

Similarly, the requirements of superiority and predominance under Rule 23(b)(3) were demonstrated in the Motion. The Plaintiff will not repeat what has already been presented in the Motion. Nothing has changed since the Motion was filed.

## II. THE SETTLEMENT MEETS THE REQUIREMENTS OF RULE 23(e).

Under Rule 23(e) of the Federal Rules of Civil Procedure, a class action settlement may be approved if it is "fair, reasonable, and adequate.".

Pursuant to the Settlement Agreement, these claims are resolved by creation of a common fund of $450,000 that will be applied to an incentive fee, administrative costs and attorneys' fees of no more than $150,000 for all with the balance to be distributed to class members as follows: (i) each class member will receive $100 and (ii) the remaining funds will be distributed pro rata to the class members who paid money to Velocity. ECF 51-1.

In addition, Velocity will dismiss any pending actions and vacate any judgments obtained at its own expense. *Id.* The face value of these remaining balances of judgments is approximately $450,000 according to the Defendant.

The Settlement Class is defined as follows:

> Any person in the State of Hawaii that (i) VELOCITY has communicated with, directly or indirectly, for the purpose of collecting a debt or Velocity sued while not licensed as a collection agency from July 1, 2016 through April 3, 2019 and (ii) who paid money to Velocity or had a judgment entered against him or her.

The Ninth Circuit in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) identified eight factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement:

(1) the strength of the plaintiff's case;

(2) the risk, expense, complexity, and likely duration of further litigation;

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

4

(5) the extent of discovery completed and the stage of the proceedings;

(6) the views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement.

Rule 23(e) also requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e).

In applying these factors, this Court should be guided foremost by the general principle that federal courts favor settlements of class actions. See Franklin v. Kaypro Corp., 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits"); see also 4 Newberg on Class Actions § 11.41 (4th ed. 2002) (citing cases).

The factors that are applicable to this action support that the settlement is fundamentally fair, reasonable, and adequate. The factors are discussed below. Plaintiff contends that the Court should approve it.

a. **The strength of the Plaintiff's case**.

While Plaintiff believes that his case is strong on the claims asserted, the Defendant has raised many defenses. And, given it is a claim that is relatively

"new" in the Hawaii legal world, the likelihood of an appeal is also a factor. The settlement will provide relief in the near term without drawn out litigation. This factor favors finding the settlement is fair, adequate and reasonable.

 b. **The risk, expense, complexity, and likely duration of further litigation**.

As noted above, there is some risk and expense involved if this case was not settled. The duration may also be a significant factor since an appeal is not unlikely. This factor favors finding the settlement is fair, adequate and reasonable.

 c. **The risk of maintaining class action status throughout the trial**

Plaintiff does not view this as a significant risk, but of course the settlement eliminates any potential risk. This factor appears neutral.

 d. **The amount offered in settlement.**

It is true that the Defendant is not returning all of the money collected by it, but there is also an additional and substantial benefit to the class since the settlement ends the collection of any amounts that have not been collected on outstanding judgments as of the date of the settlement agreement. This factor favors finding the settlement is fair, adequate and reasonable.

 e. **The views of counsel**

Plaintiff's counsel has considerable experience in the claims asserted. Counsel believes that the settlement meets the fair, adequate and reasonable standard. This factor favors finding the settlement is fair, adequate and reasonable.

**f.  The presence of a governmental participant.**

There is no government participant. This factor is neutral.

**g.  The reaction of the class members to the proposed settlement.**

There have been no objections to the settlement. There is a single opt out, but there is nothing to suggest that was because it viewed the settlement adversely. This factor favors finding the settlement is fair, adequate and reasonable.

The majority of factors favor settlement or are neutral, Plaintiff submits the settlement meets the requirements of Rule 23 since it fair, adequate and reasonable.

**III.     Designation of *Cy Pres* Recipient.**

 The settlement does not provide any reversion to the Defendant of any unclaimed funds. The Settlement Agreement provides for the designation of a *cy pres* recipient. See ECF 51-1 at ¶ 28.b (v).

Plaintiff posits that the Legal Aid Society of Hawaii is an appropriate recipient. As set forth on its website, "[t]he mission of the Legal Aid Society of Hawaii is to address critical legal needs through high quality legal advocacy, outreach, and education in the pursuit of ***fairness*** and ***justice.***". [1] Its mission is "as near as possible" to this action under the consumer protection laws.

---

[1] https://www.legalaidhawaii.org/mission--vision.html last visited on February 23, 2021.

## IV. Plaintiff Should Be Awarded An Incentive Fee.

The Ninth Circuit has recognized that incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009). [2]

Here, Plaintiff respectfully requests that this Court approve an incentive award of $5,000 in recognition of his contributions toward the successful resolution of this litigation. The Plaintiff caused the action to be filed on his behalf and he chose to do so on his own behalf and on behalf of his fellow Hawaii residents. Plaintiff devoted time and effort to the case during the course of the litigation including active involvement in an extended and protracted effort to reach a resolution of the matter on a class basis.

---

[2] The Supreme Court recognized the practice of awarding incentive fees recently in *China Agritech, Inc. v. Resh*, 138 S.Ct. 1800, 1811 at FN 7 (U.S. 2018) and relied on the practice in support of its decision in that case. ("The class representative might receive a share of class recovery above and beyond her individual claim.") See, *e.g., Cook v. Niedert,* 142 F.3d 1004, 1016 (C.A.7 1998) (affirming class representative's $25,000 incentive award).")

## V. Plaintiff's Counsel Are Entitled To Attorneys' Fees and Costs.

Plaintiff's counsel took this case on a contingency basis. It asserted new claims under Hawaii jurisprudence and was far from certain that there would be any recovery of attorneys' fees or costs. Plaintiff's counsel seek the balance of the $150,000 designated for all costs and expenses in this action. The balance is $150,000 less any incentive fee (which for this calculation it will be presumed that the court grants the request for $5,000) and the settlement administrator costs of $7,219, leaving $137,781 for attorneys' fees and costs. This amount as a percentage of the overall benefit to the class is 16%, which is based on the overall value of the settlement, consisting of the $450,000 settlement fund and ending the collection of approximately $450,000 remaining on amounts claimed to be owed by the Defendant. If viewed as only a percentage of the cash component of the settlement, it is 31%.[3]

The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

---

[3] Court Records show Defendant filed lawsuits in excess of $2,000,000.00 and will no longer be collecting those accounts.

9

In the Ninth Circuit, a district court has the discretion to award attorneys' fees as a percentage of the common fund. See *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1046 (S.D. Cal. 2015) ("Because this Settlement has produced a common fund for the benefit of the entire class, the Court elects to award fees under the percentage-of-recovery method."); *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1023 (E.D. Cal. 2019) (awarding attorneys' fees of 33.3% of $40 million common fund). The amount of the common fund here is smaller than in the above cases, which approved a percentage more than what the Plaintiff's counsel seeks here.

This case was prosecuted by the Plaintiff and the issues are not garden-variety issues that many attorneys would be willing to take on, not even hourly and very unlikely to on a contingency basis. The class aspect of the action only adds to the complexity. Plaintiff's counsel has spent many years working on these consumer issues through years of litigation in trial courts and appellate courts. In short, taking on this action required that extensive background to prosecute the action and secure a fair, adequate, and reasonable settlement.

In many consumer cases handled by Plaintiff's counsel, the Court has routinely awarded 40% of any cash component of the settlement. See e.g., *Castillo v. Nagle & Zaller*, Case No. 12-02338 –WDQ (D. Md.) (40%); *Gardner v. MCTFCU*, Case No. 10-02781-BPG (40%)(D. Md.) ; *Bradshaw v. Hilco*

*Receivables, LLC.*, 10-0113- RDB, (D. Md.)(40%); *Veiga, et al., v. Suntrust Bank*, 09-2815-PGW, (D. Md.) (40%); *Baker v. Sunshine Financial Group, LLC.*, 11-02028-PWG (D. Md.)( 40%); *Tyeryar v. Main St. Acquisition Corp.*, 11-00250-CCB (D. Md.)(40%). Maryland State courts have also awarded the same percentages. See e.g., *Finch v. LVNV Funding, LLC*. (40% of $25,000,000.00 judgment); *Cole v. Tidewater Finance Company*, Case No. 24-C-12-002463 (Baltimore City Cir. Ct 2012)(40%).

In *Driscoll v. Navy Federal Credit Union*, Case No. 13-00137-BPG (Dist. Md.), Magistrate Judge Gesner awarded fees of 40% of the common fund as attorney fees. The court explained that counsel had earned a respected reputation in the bar and in certain cases did not seek any fee when it was the stumbling block to obtaining relief for the class. See Transcript, Exhibit B.

Plaintiff submits the request for a percentage of the recovery in an action they pursued on a contingency basis is appropriate and fair.

## VI. The Court Should Approve the Administration Fees.

The settlement administrator fees have been estimated at $7,219. See Exhibit A, ¶ 9. The fees are reasonable and consistent with the ordinary costs associated with providing notice as well as distribution services for class cases. Plaintiff requests the Court approve these costs.

## **CONCLUSION**

The Plaintiff requests that the court finally approve the unopposed settlement class, award an incentive fee of $5,000.00, class counsel fees and costs of $137,781.00, administrator expenses of $7,219.00, designate the Legal Aid Society of Hawaii as the *cy pres* designee for unclaimed funds, and enter the proposed order directing the settlement terms to be performed.

DATED this 3rd day of March, 2021.

/s/ Justin A. Brackett
Justin A. Brackett, Esq.
*Attorney for Plaintiff*
Ronald Viernes
