UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD VIERNES,<br>On behalf of Plaintiff and Class,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>VELOCITY INVESTMENTS, LLC,<br><br>　　　　　　　Defendant. | Case No: 1:19-cv-00317<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING FEES AND COSTS, DESGINATING A CY PRES DESIGNEEE AND DIRECTING THE SETTLEMENT TO BE PERFORMED IN ACCORDANCE WITH THE SETTLEMENT AGREEMENT<br><br>Judge:  Jill A. Otake<br>Magistrate Judge:  Kenneth J. Mansfield |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING FEES AND COSTS, DESGINATING A CY PRES DESIGNEEE AND DIRECTING THE SETTLEMENT TO BE PERFORMED IN ACCORDANCE WITH THE SETTLEMENT AGREEMENT**

This Court previously gave preliminary approval of a Settlement Class, Appointed Plaintiff as Class Representative, Appointed Plaintiff's Counsel as Class Counsel, Approved Notice to the Class and Set a Final Approval Hearing by Order dated December 10, 2020. (ECF 57). The matter came on for hearing on March 10, 2021. The date previously set forth for the Final Approval Hearing. Upon

consideration of the Plaintiff's Motion for Final Approval and other relief, the pleadings, motions and memorandums filed in this action, and without objection by the Defendant, the Court finds that the Motion should be and hereby is **GRANTED**.

The Court has reviewed the requirements under Rule 23 (c)(1) of the Fed. R. Civ. P. and finds that the settlement class meets the requirement for certification under that section. The class is numerous, consisting of several hundred members. There are common issues as to whether the Defendant's actions and inactions were in violation of state and federal laws when it operated without a license to act as a debt collector. The Plaintiff's claims are typical of the class claims and there is no dispute his class claims are typical.

Further, the Count finds that the Plaintiff and his Counsel will adequately represent the Settlement Class. Plaintiff has no interests adverse to the other class members. Therefore, the Court appoints Plaintiff as Class Representative.

Similarly, the Court finds their counsel, Scott Borison and Justin A. Brackett, to be adequate as Class Counsel. In appointing Class Counsel, I have considered the factors set forth in Rule 23 (g). These factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, all of which favor appointment of Scott Borison

and Justin A. Brackett.

Further, the Court finds that certification of a class action for settlement purposes under Rule 23 (c)(1) is an appropriate and superior method to resolve the claims in this action. The claims relate to collection activities and pursuit of individual claims by class members is unlikely. The class action also sets forth common issues of fact that predominate over any other potential issues in this action.

Accordingly, the Court finally approves the following class of persons under Rule 23 (c)(1) for settlement purposes only:

> Any person in the State of Hawaii that (i) VELOCITY has communicated with, directly or indirectly, for the purpose of collecting a debt or Velocity sued while not licensed as a collection agency from July 1, 2016 through April 3, 2019 and (ii) who paid money to Velocity or had a judgment entered against him or her.

The claims to be addressed by the class are:

> Claims under the Fair Debt Collection Practices Act, and
> the Hawaii Consumer Protection Act.

Notice was provided to the Class as directed as set forth in the declaration of the settlement administrator that was submitted to the court.  No class member has objected to the class settlement and the notice advised that up to $150,000 of the settlement funds may be disbursed for costs, including attorneys' fees. There has been one person who opted out of the class and that person is not part of the class defined above.

The Court makes the following findings in connection with the approval of

the settlement Class and the entry of this order:

    a.    The distribution of the Notice fully and accurately informed all Class Members and Related Parties entitled to notice of the material elements of this Settlement, constituted the best notice practicable under the circumstances, constituted a valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law;

    b.    That after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made;

    c.    Approval of the Settlement, as set forth in the Settlement Agreement, is fair, reasonable, adequate, and in the best interest of the Class Members under Rule 23 of the Federal Rules of Civil Procedure;

    d.    The Settlement is in good faith;

    e.    The Parties are directed to perform the Settlement in accordance with the terms of the Settlement Agreement;

f.  Neither the Final Judgment, nor the Settlement Agreement shall constitute an admission of liability of the Settling Parties of any liability or wrongdoing;

g.  In accordance with Rule 54 (b) of the Federal Rules of Civil Procedure, a finding that there is no just reason for delay, and orders the entry of a Final Judgment;

h.  That all Class Members, except the one exclusion, and their Related Parties, shall, as of the entry of the Final Judgment, conclusively be deemed to have released and forever discharged the Defendant from all Released Claims; and

i.  The Court reserves exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and, (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

The Court further finds that the following fees are justified and awarded by the Court form the Settlement Fund:

   a. An Incentive fee of $5,000 to the Plaintiff;

   b. Attorneys Fees and Costs of $137,928.00; and

   c. Administrator Fees of $7,072.00.

The Court designates the Legal Aid Society of Hawaii as the *cy pres* designee for any unclaimed funds.

The Court dismisses the Complaint with prejudice.


IT IS ORDERED.

Dated: _____

_____
Kenneth J. Mansfield
United States Magistrate Judge